E-FILED
Wednesday, 22 May, 2013  02:01:45 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| **FIDLAR ACQUISITION CO., D/B/A** | ) | |
| **FIDLAR TECHNOLOGIES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No.:4:12-cv-04099** |
| **v.** | ) | |
| | ) | |
| **FIRST AMERICAN DATA TREE LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, Fidlar Acquisition Co., ("Fidlar" or "Plaintiff") brings this action against

Defendant, First American Data Tree LLC,("First American Data" or "Defendant") and states for

its complaint as follows:

## INTRODUCTION

Fidlar owns and operates software and computer servers that allow its customers access

to certain public records from electronic databases by using Fidlar's software. First American

Data is a customer of Fidlar. As a customer of Fidlar, First American Data was given Fidlar's

software to install on its computers in order to access those records. First American Data was

also given access to a World Wide Web based program developed and owned by Fidlar. Instead

of using Fidlar's software to access Fidlar's servers, First American Data created computer

programs that mimicked Fidlar's user interface software and fraudulently accessed Fidlar's

computer servers. First American Data's misconduct hindered Fidlar's ability to track the use of

its software and servers.  First American Data's fraudulent access of Fidlar's servers has also

caused and continues to interfere with the ability of Fidlar to provide services to its other

customers. This action seeks monetary and injunctive relief to compensate Fidlar for the damages that it has incurred and to prevent the ongoing and irreparable harm to its business.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Fidlar is a corporation incorporated under the laws of the state of Michigan with its principal place of business located in Rock Island, Rock Island County, Illinois.

2. Defendant, First American Data is a corporation organized under the laws of the state of California. First American Data conducts business in Rock Island County, Illinois.

3. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## GENERAL ALLEGATIONS

### Fidlar provides software that makes public records accessible on-line.

5. Fidlar is a technology company that contracts with the offices of Recorders of Deeds, and county courthouses, in several counties located in Illinois and other states. Fidlar provides a range of software services, for a fee, that facilitate access by its customers to county databases that contain public records, including records of land ownership.

6. Fidlar owns computer programs that allow its customers to access, via the internet, documents in the county databases with whom it contracts.

7. One of these computer programs is the "Tapestry Program." Customers using the Tapestry Program pay a fee for each search the customer conducts. Customers access the Tapestry program via a World Wide Web based interface.

8. Another such program Fidlar operates is the "Laredo Program." Customers download the Laredo program onto their own computers, and pay a monthly fee directly to the county

2

which, in turn, remits a service fee to Fidlar for its use, which enables them access to documents from Fidlar's client governmental entities' databases, such as county court houses and Recorders of Deeds offices, throughout the nation, including but not limited to Rock Island, Illinois.

9.  The Tapestry and Laredo programs allow Fidlar's customers to only search, view and print documents from the databases searched and have certain user controls that prevent customers from electronically capturing and downloading documents.

10. Also embedded in the Tapestry and Laredo programs are user controls that require the user to input information identifying the user.

11. The human user-interface design of the  Tapestry and Laredo programs prevent any individual user from overloading Fidlar's server software.

### The relationship between Fidlar and First American Data

12. First American Data operates a line of business selling property data designed to provide the necessary data used to verify records covering 99% of the United States housing stock and containing 4.8 billion land records.

13. Defendant has been a customer of Fidlar for several years using both the Tapestry and Laredo programs and has installed the Laredo program on its own computers.

14. First American Data is an affiliate of First American Title Company ("First American Title"). First American Title writes title insurance throughout the country and specifically in Rock Island County, Illinois. Defendant is a data company which for a number of years has obtained access to the databases of various Illinois County Recorder of Deeds records using Fidlar's fee-for-search Tapestry computer software program.

15. Upon information and belief, First American Data has sold or transferred documents acquired from Fidlar to its affiliate First American Title.

**Defendant engineered software to fraudulently gain access to Fidlar's servers.**

16. First American Data, has for a number of years, been a customer of Fidlar and used its Tapestry and Laredo programs.

17. In or around 2012, First American Data created one or more computer programs, the sole purpose of which were to mimic the interface between Fidlar's user-interface software and Fidlar's server software. The mimicked program allowed First American Data to fraudulently present itself to Fidlar's server software and mimic that they were interfacing with Fidlar's software, and, in particular, the Laredo software installed on First American Data's computers.

18. Fidlar's server software programs are designed to prevent Fidlar's customers from accessing those servers by any means other than through Fidlar's software.

19. Fidlar does not train, promote, or explicitly publish, nor intend to publish the techniques necessary to access Fidlar's server software directly and circumvent the Fidlar user-interface software of Laredo or Tapestry.

20. Specifically, First American Data created mimic software that allowed Defendant to fraudulently acquire documents electronically and search at a higher rate and volume than would otherwise be possible.

21. This mimic software program that First American Data created, allowed Defendant to gain fraudulent access to Fidlar's server software and bypass user controls embedded in the Tapestry and Laredo programs. In this manner First American Data fraudulently

4

obtained documents that Fidlar server software had retrieved from governmental databases.

22. First American Data's fraud allowed it to conduct searches at a higher rate and volume than would be possible if the Laredo and Tapestry user-interface and controls had not been bypassed.

23. The use of the mimicked software has allowed Defendant to electronically capture documents, which would have been otherwise impossible. First American Data's fraudulent access to Fidlar's servers has and continues to threaten to overload those servers.

24. For example, on January 4, 2013, a single user by the name of FIRSTAMDT with an address of First American, 4 First American Way, Santa Ana, California, with a registered contact person named as Serena Johnson, overloaded the entire server infrastructure hosting Marion County, Indiana and other clients of Fidlar through the Laredo program, causing it to shut down.

25. Similar disruptions of service at Marion County, Indiana occurred on January 6, January 7, and January 8, 2013. All service disruptions were caused by a user identified by the username FIRSTAMDT.

26. Fidlar never granted Defendant the right to bypass its user-interface and controls or monitoring protocols on any of its software programs.

27. On information and belief, the user FIRSTAMDT is First American Data or an agent thereof.

28. First American Data's fraudulent use of its mimicked software caused the overload of Fidlar's servers.

29. Fidlar was required to disable the user in order to return all counties and services to normal operation.

30. Fidlar believes that the single user was an agent of Defendant.

31. Subsequent investigation by Fidlar revealed similar patterns of improper usage in multiple counties, including Leavenworth County, Kansas.

32. Defendant was and continues to be able to disrupt Fidlar's operations by a method of bypassing the controls imbedded in the Laredo software and directly consuming the supporting Laredo services. The continued threat to the proper functioning of Fidlar's servers by the mimicked software is ongoing.

33. The impact was aggravated by the frequency of the requests and the wide search criteria intended to electronically capture and download large quantities of documents that would normally be prevented by the Laredo software.

34. Among other things, one function of the Laredo software is to monitor usage by customers.

35. The Defendant, through its use of software mimicking that of Fidlar's, was able to access Fidlar's computers without being subject to usage information monitors imbedded in the Laredo software.

36. As a result of Defendant's intentional conduct by which it fraudulently gained access to Fidlar's computers and computer servers, Fidlar has been forced to take actions to prevent further interruptions in service to its clients and customers, the value of which exceeds $5,000.

37. Before granting access to documents, Fidlar advises customers, like Defendant, through a click-through screen that Fidlar charges $5.95 per search and $.50 per each page printed for use of the Tapestry program.

38. A customer agrees to Fidlar's charges by commencing a search on the Tapestry program. For years, Defendant routinely accessed the Tapestry program, performed searches at the cost of $5.95 per search, received monthly invoices for the searches, and paid those monthly invoices.

39. In or about March 2012, First American Data, through the use of the mimicked software specifically designed to access and use Fidlar software, conducted multiple searches using the Tapestry program at $5.95 per search. Defendant accumulated a $417,942.25 bill payable to Fidlar for searches performed.

40. Fidlar invoiced Defendant for these searches (see Invoice, Exhibit 2).

41. In breach of its agreement with Fidlar, Defendant has now refused to pay the amounts due.

42. Fidlar has, and is continuing to suffer, interruptions to its business, as a result of the threat posed by the mimicked software to disable Fidlar's servers.

## COUNT I - VIOLATION OF 18 U.S.C. § 1030 COMPUTER FRAUD AND ABUSE ACT

43. Fidlar re-alleges paragraphs 1 through 42 as if fully stated herein.

44. Fidlar owns and operates computers and computer servers which are located in Rock Island Illinois.

45. Fidlar uses those computers and computer servers in interstate commerce.

46. Defendant has engaged in a pattern of unauthorized access of Fidlar's computers and computer servers, in order to intentionally obtain information Fidlar's computers.

47. Defendant's intentional unauthorized use of Fidlar's products has been so voluminous as to cause service outages and prevent the normal operation of Fidlar's computers.

48. As a result of Defendant's unauthorized use of Fidlar's computers and computer servers, Fidlar has been damaged in excess of $5,000 in the past calendar year.

## COUNT II - TORTIOUS INTERFERENCE TO CONTRACT

49. Fidlar re-alleges paragraphs 1 through 48 as if fully stated herein.

50. Fidlar has contractual relationships with several governmental entities, such as Offices of Recorders of Deeds and county courthouses, to provide access to public records for the general public and businesses.

51. Fidlar charges a fee to customers based upon searches performed and documents accessed.

52. Fidlar, in turn, is required by contract to compensate the above mentioned governmental entities for documents accessed through Fidlar's service.

53. Defendant accessed several counties' documents through the Laredo and Tapestry computer programs, and knew of the existence of a contractual relationship between Fidlar and its governmental entity clients.

54. As a result of the unauthorized use and invasion of Fidlar's computers and computer services by Defendant, Fidlar was unable to perform its contractual obligations to several counties, and has been forced to take actions to prevent further service outages.

## COUNT III – BREACH OF CONTRACT

55. Fidlar repeats and realleges paragraphs 1 through 53 as if fully set forth herein.

56. Fidlar performed all of its obligations pursuant to the terms of its contract with Defendant.

57. Defendant breached the contract by failing to timely pay Fidlar the amounts owed Fidlar for the computer searches that Defendant conducted.

58. As a direct and proximate result of Defendant's breaches of the contract, there is now due and owing to Fidlar the principal amount of $417,492.25, plus interest thereon.

## COUNT IV – PROMISSORY ESTOPPEL

59. Fidlar repeats and realleges paragraphs 1 through 57 as if fully set forth herein.

60. Defendant requested that Fidlar allow Defendant to conduct searches with Fidlar's computer programs, and Defendant promised to pay Fidlar for the computer searches that Defendant conducted.

61. Fidlar relied on Defendant's promises to its detriment by allowing Defendant to search utilizing Fidlar's database.

62. To accomplish justice, it is necessary to enforce Defendant's promises to pay Fidlar for the computer searches that Defendant conducted.

Wherefore, Plaintiff Fidlar Acquisition Co. requests this Court enjoin First American Data Tree LLC from further unauthorized use of its computers and computer servers, from damaging its business reputation, from causing disruptions of Fidlar's normal business operations, for restitution of money obtained by First American Data from the sale to First American Title, and for damages of at least $422,942.25.

Respectfully submitted,

By:  Fidlar Acquisition Co., d/b/a Fidlar
Technologies,

/s/Jason Williams
One of its Attorneys

Jason R. Williams
Sawyier & Williams, LLP
205 N. Michigan, Suite 2600
Chicago, IL  60601
(312) 856-9740
(312) 856-9743(fax)
jwilliams@epaclaw.com