UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| FIDLAR ACQUISITION CO., d/b/a FIDLAR TECHNOLOGIES, </br></br> Plaintiff, </br> v. </br></br> FIRST AMERICAN DATA TREE LLC, </br></br> Defendant/ </br> Third Party Plaintiff, </br> v. </br></br> MICHAEL COSTELLO, in his official capacity as the St. Clair County, Illinois Recorder of Deeds, </br></br> Third Party Defendant. | Case No. 4:12-cv-04099-SLD-JEH |

<u>ORDER</u>

Fidlar Acquisition Co. ("Fidlar"), which digitizes counties' land records for public consumption, sued First American Data Tree ("Data Tree"), which aggregates those records, seeking recovery of some $418,000 in search fees that Fidlar claims Data Tree incurred in March of 2012. Data Tree countersued, claiming that the fees are illegal under the Illinois Counties Code and Illinois Freedom of Information Act, and filed a third-party complaint against Michael Costello, the Recorder of Deeds for St. Clair County, Illinois, where the bulk of the alleged search fees accrued. All parties moved for summary judgment against the parties adverse to them, ECF Nos. 141, 145, 146, 147. An embarrassment of motions has proliferated in the aftermath, a portion of which pertains to Data Tree's two motions for summary judgment, ECF Nos. 146, 147. The Court rules now on this portion, which consists of: Data Tree's Motion for Leave to File a Corrected Memorandum in Support of its Motion for Summary Judgment as to

Costello, ECF No. 148; Data Tree's Amended Motion for Leave to File a Corrected Memorandum in Support of its Motion for Summary Judgment as to Costello, ECF No. 157; Costello's Motion to Strike the Motion for Summary Judgment as to him, ECF No. 158; Data Tree's Motion for Leave to File a Corrected Memorandum in Support of its Motion for Summary Judgment as to Fidlar, ECF No. 149; Data Tree's Motion to Strike Fidlar's Response to its Motion for Leave to file a Corrected Memorandum, ECF No. 152; and, finally, Fidlar's Motion to Strike Data Tree's Motion for Leave to File a Corrected Memorandum in Support of its Motion for Summary Judgment as to Fidlar, ECF No. 153.  For the reasons explained below, Data Tree's Motion for Leave to File a Corrected Memorandum in Support of its Motion for Summary Judgment as to Fidlar is GRANTED; its motion for leave to file a corrected memorandum for the same purpose as to Costello is MOOT because its superseding Amended Motion for Leave to File a Corrected Memorandum in Support of its Motion for Summary Judgment as to Costello is GRANTED; Costello's Motion to Strike Data Tree's Motion for Summary Judgment is DENIED; Data Tree's Motion to Strike Fidlar's Response is DENIED; and Fidlar's Motion to Strike Data Tree's Motion for Leave to File a Corrected Memorandum is DENIED.  In sum:  Data Tree's motions to amend or correct its summary judgment motions are GRANTED and all the parties' motions to strike are DENIED.

## PROCEDURAL HISTORY

After numerous extensions of the dispositive motion deadline—Feb. 20, 2015 Text Order; Apr. 13, 2015 Text Order; Apr. 29, 2015 Text Order; May 7, 2015 Text Order; June 4, 2015 Text Order—all parties managed to file their Motions for Summary Judgment on the Friday, June 5, 2015 deadline.  However, the following Monday, June 10, Data Tree moved, ECF Nos. 149, 148, to correct its Memoranda in Support of Summary Judgment as to Fidlar,

ECF No. 146, and Costello, ECF No. 145.  The same day, via a Response, ECF No. 151, Fidlar opposed Data Tree's motion as to Fidlar.  Data Tree moved with alacrity that same afternoon to strike the Response.  ECF No. 152.  On June 12, Fidlar responded in kind, moving to strike Data Tree's motion to correct as to Fidlar.  ECF No. 153.  On June 15, Data Tree responded, ECF No. 156, and on June 19 sought leave to amend, ECF No. 157, its original Motion to Amend or Correct as to Costello.  Meanwhile, Costello moved to strike, ECF No. 158, the Motion for Summary Judgment as to him, or, in the alternative, sought clarification as to what, exactly, he needed to respond to in that Motion.  With the response deadlines for the Motions for Summary Judgment fast approaching, Data Tree moved, ECF No. 159, for all response deadlines to be vacated until the Court ruled on the welter of motions to amend and strike.  Mindful of the approaching deadlines, the Court entered a Text Order on June 25, 2015 mooting Data Tree's request for an extension of time and instead moving the response deadlines for all Motions for Summary Judgment to July 6, 2015.  Jun. 25, 2015 Text Orders.

## DISCUSSION

In spite of all the motions the parties have filed since June 5, their dispute is simple, and revolves around the page and type limitations of the Local Rules for the Central District of Illinois.  Data Tree filed two separate motions for summary judgment, the memoranda in support of each of which purport, at different points, to incorporate parts of each other by reference where their arguments are duplicative.  Fidlar and Costello contend that these incorporations push both of Data Tree's memoranda over the type volume limitation imposed by the Local Rule, and seek to strike the memoranda, or their various amended incarnations.

In the Central District of Illinois, the Argument section of a Memorandum in Support of a Motion for Summary Judgment must not exceed 15 double-spaced pages in length; if it does, it

must not contain more than 7,000 words or 45,000 characters, or must not exceed 650 lines of monospaced text. L. R. 7.1(D)(5), 7.1(D)(1)(c), 7.1(B)(4)(a), 7.1(B)(4)(b). All headings, footnotes, and quotations must be counted toward this limit. *Id.* 7.1(B)(4)(d). Counsel must certify at the end of her memorandum that the Argument section complies with these rules, and must state the number of words, characters, or lines of type in the memorandum. *Id.* 7.1(B)(4)(c). In making this certification she may rely on the word count supplied by her word processing software. *Id.* Any filings not in compliance with these rules may be stricken by the Court. *Id.* 7.1(D). Parties can and routinely do file requests to exceed the Local Rules' type volume limitation. This practice permits adverse parties to respond to the request, and the Court to rule on the propriety of such submissions *before* they are submitted.

Although Fidlar's initial Response focused on the prejudice that would accrue to Fidlar in allowing Data Tree to amend its summary judgment motion after reading Fidlar's, Response 2, it emerged that the only change Data Tree had made to the Argument section of its Motion for Summary Judgment was an expansion in the material Data Tree sought to incorporate therein by reference. Fidlar thereafter focused on Data Tree's incorporations by reference, arguing that, while the memorandum itself was certified by counsel to contain only 2,863 words, it incorporated by reference 4,353 more words, amounting to a total of 7,216 words, exceeding the Local Rule's type volume limitation.[1] Fidlar Mot. Strike ¶ 13. In response, Data Tree's counsel argued that certain portions of his corrected memorandum ought not to count toward the total word count of the document—namely, those portions that would not exist if the document had been written with the referenced portions inserted in place of the portions that incorporate them by reference. Resp. Fidlar's Mot. Strike 2 ("It never would have been there."). The matter grew

---

[1] While the Local Rule also requires that submissions contain no more than 45,000 characters, no party argues that any party's filing exceeded 45,000 characters, and, in the interest of much-needed clarity and brevity, the Court declines to enumerate or consider those uncontested values here.

more confusing still; counsel for Data Tree evinced uncertainty about which of two methods he uses for generating word counts produced an accurate word count, Resp. Fidlar's Mot. Strike 4–5; Data Tree asked for leave to file a new version of the motion to correct its motion as to Costello, adding a missing table and changing a word but keeping incorporations by reference, Data Tree Mot. Leave to Correct; Costello moved on the same day to strike the original motion for summary judgment on the ground that, after its incorporations by reference, it topped out at 7,036 words, Costello Mot. Strike ¶ 5.

This is much ado about (almost) nothing. To be sure, it is well-settled that type volume limitations are not trivial rules, and that courts may sanction their violation by means extending all the way to dismissal of a case. *See Abner v. Scott Mem'l Hosp.*, 634 F.3d 962, 964 (7th Cir. 2011) (collecting cases). And it is true that district courts have found it appropriate to include the type volume of a text incorporated by reference into the "parent" text. *See Prudential Ins. Co. of Am. v. Sipula*, 776 F.2d 157, 161 n.1 (7th Cir. 1985); *Silverman v. Bd. of Educ. of City of Chicago*, No. 08-C-2220, 2010 WL 3000187, at *1 (N.D. Ill. July 26, 2010) *aff'd*, 637 F.3d 729 (7th Cir. 2011). Thus, it is even true that Data Tree's motions, if counsel's competing word-counting efforts are accurate, exceed the type volume limitation, at the most dire estimates, by 216 words in one case and 36 words in another. At worst, that is to say, Data Tree exceeded the type volume limitation by 3.1%.

Without opining as to the appropriate method of word counting in Microsoft Word, or the preferred additive-subtractive arithmetic of words-incorporated-by-reference, the Court observes that the smorgasbord of pending motions could have been averted had Data Tree asked leave to exceed the type volume limitation. The type volume of the documents in question would, in turn, have been more objectively ascertainable had Data Tree filed its memoranda in support

with all portions of those memoranda incorporated in print, and not merely by reference. Along with the Seventh Circuit, the Court "wish[es] to express in the strongest terms [its] disapproval of this practice. First, it is ill-advised from the point of view of effective advocacy, as it unnecessarily confuses and diffuses the issues presented."[2] *Sipula*, 776 F.2d at 161 n.1. However, despite the confusion Data Tree may have caused, it has caused very little prejudice, if it has caused any. It barely exceeded the type volume limitations, if it did so at all. This inequity, if inequity it is, can be remedied by permitting the adverse parties in this case a similar (similarly minute) license to exceed the type volume limitations in their responses to Data Tree's motions, all of which, for the sake of clarity and completeness, will be accepted in the most recent form that Data Tree has seen fit to file them. To remedy the confusion of response deadlines that has befallen the litigants, all parties have already had their summary judgment response deadlines extended to July 6. *See* Jun. 26, 2015 Text Orders.

Finally, the Court notes that counsel have at times grown acrimonious during the course of their briefing on this matter. *See* Data Tree Mot. Strike 2 ("Indulging in mudslinging in filings with any court is awful and the undersigned would prefer *greatly* not to do it. But repeated unsupportable accusations can't continue unanswered. We have had enough of Fidlar."). The Court reminds counsel that the Preamble to the Illinois Rules of Professional Conduct, adopted by Local Rule 83.6(D), provides that "[a] lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers, and public officials." R. Professional Conduct ¶ 5. Counsel are directed to conduct themselves accordingly.

---

[2] Data Tree observes that the *Sipula* court specifically disapproved the act of incorporation by reference on appeal when the texts incorporated came from the trial record. Data Tree Mot. Leave Correct 4. True enough. Even absent a layer of appellate review, however, the issues presented appear to have been quite diffused and confused. Witness the difficulty the parties have had coming to agreement as to word count, and, as a consequence, what portions of Data Tree's motions for summary judgment they will or will not have to respond to.

## CONCLUSION

Accordingly, Defendant Data Tree's Motion for Leave to File a Corrected Memorandum as to Fidlar, ECF No. 149, is GRANTED. Its first Motion for Leave to File a Corrected Memorandum as to Costello, ECF No. 148, is MOOT, because its second, Amended Motion for Leave to File a Corrected Memorandum as to Costello, ECF No. 157, is GRANTED. All the parties' Motions to Strike—ECF Nos. 152, 153, 158—are DENIED. Plaintiff Fidlar and Third-Party Defendant Costello may file motions in response to Defendant Data Tree's Motions for Summary Judgment that exceed the type volume limitations for such motions under the Local Rule by 216 words.

Entered this 26th day of June 2015.

s/ Sara Darrow  
SARA DARROW  
UNITED STATES DISTRICT JUDGE